## In re LEHIGH VALLEY R. CO. et al.
### No. 21011.

District Court, E. D. Pennsylvania.
May 22, 1940.

Isidore H. Schweidel, of Philadelphia, Pa., and Cecil Page and Stewart M. Seymour, both of New York City, for Greydon A. Rhodes.

Maurice Bower Saul (of Saul, Ewing, Remick & Saul), of Philadelphia, Pa., for Lehigh Valley R. Co. et al.

Before MARIS, Circuit Judge, and WELSH and KALODNER, District Judges.

MARIS, Circuit Judge.

This is a proceeding under Chapter XV of the Bankruptcy Act, 11 U.S.C.A. § 1200 et seq., for the approval of a plan of adjustment of certain debts of the Lehigh Valley Railroad Company and its subsidiaries. On petition of Greydon A. Rhodes, the holder of $27,000 principal amount of Lehigh Valley General Consolidated Mortgage Bonds, a rule was granted upon the Lehigh Valley Railroad Company and its subsidiaries to show cause why they should not be compelled to present for examination by the court the retainer agreement or similar arrangement entered into with A. J. Peaslee, Esq., and/or others for representation in the Black Tom Explosion case and why they should not be restrained from making any payments to Peaslee or any other attorneys by way of fees for services rendered in that case. Thereafter an answer to the petition was filed by Lehigh Valley Railroad Company and its subsidiaries, together with a motion to dismiss the petition. After argument and full consideration we have reached the conclusion that the rule to show cause must be discharged and the petition dismissed.

The Black Tom Explosion case grew out of an explosion which took place in July 1916 at the Black Tom Terminal of the Lehigh Valley Railroad Company. Averring that the explosion was caused by agents of Germany, the Railroad Company, through the United States Government, made claim for its damages before the Mixed Claims Commission created pursuant to the agreement between the United States and Germany dated August 10, 1922, 42 Stat. 2200. On October 30, 1939, the Mixed Claims Commission entered an award in favor of the United States on behalf of the Lehigh Valley Railroad Company in the amount of $9,900,322.77 with interest. In connection with the prosecution of this claim the Railroad Company retained Peaslee as its counsel under agreements providing that he shall receive as compensation for services and reimbursement for expenses of himself and all others associated with him in the prosecution of the claim a sum equal to one-half of the amount ultimately recovered and paid.

Under the provisions of Section 9(a) of the Settlement of War Claims Act of 1928, 45 Stat. 267, the Commissioner of the Mixed Claims Commission appointed by the United States is authorized upon written request of a claimant "to fix reasonable fees (whether or not fixed under any contract or agreement) for services in connection with the proceedings before * * * the Mixed Claims Commission * * * and with the preparations therefor, and the application for payment, and the payment" of the amount of a claim presented to the Commission. Section 9(b) of the act provides that "After a fee has been fixed under subsection (a), any person accepting any consideration (whether or not under a contract or agreement entered into prior to the enactment of this Act) the aggregate value of which (when added to any consideration previously received) is in excess of the amount so fixed" shall be guilty of a crime and subject to a fine. On January 19, 1940, the Lehigh Valley Railroad Company requested the American Commissioner of the Mixed Claims Commission to fix a reasonable fee to be paid by it to its attorney Peaslee for his services in connection with the Black Tom Explosion case, and under date of March 19, 1940, the American Commissioner informed counsel for the Railroad Company that he would proceed under the statute to fix the fees for the services ren-

752

dered to the Railroad Company by its attorneys in the Black Tom Explosion case.

■ Clause (6) of Section 725 of Chapter XV of the Bankruptcy Act, 11 U.S.C.A. § 1225(6), provides, inter alia, that before approving and confirming the plan of adjustment now before this court we must find that all amounts to be paid by the petitioners "for expenses, fees, reimbursement or compensation of any character whatsoever incurred in connection with the proceeding and plan, or preliminary thereto or in aid thereof, together with all the facts and circumstances relating to the incurring thereof, have been fully disclosed to the Court," and that all such amounts or consideration are fair and reasonable. It is further provided that except with the approval of the court no such amounts or consideration shall be paid. An examination of the Plan of adjustment filed in this proceeding reveals that it does not deal with the sums sought to be recovered in the Black Tom Explosion case nor with the compensation to be paid counsel in respect thereof. Indeed the plan was prepared and filed some time before the award of the Mixed Claims Commission was made and when it was not known whether any recovery would be had. It is thus clear that the amounts to be paid to Peaslee in connection with the Black Tom Explosion case are not for services and expenses incurred in connection with the proceeding and plan, or preliminary thereto, or in aid thereof. Consequently this court is not authorized or required under Clause (6) of Section 725 to determine the fairness and reasonableness of such amounts or to approve their payment.

■ It is clear that under the provisions of the Settlement of War Claims Act of 1928 to which we have referred the determination of the fair and reasonable allowance to be made to Peaslee in the Black Tom Explosion case has been entrusted to a special statutory tribunal, the American Commissioner of the Mixed Claims Commission, who has the advantage of having heard and considered all of the testimony in the case and observed the services rendered by counsel therein. In the light of the limitations contained in Clause (6) of Section 725 of the Bankruptcy Act we think it clear that this court does not have jurisdiction to fix or approve the amount payable to Peaslee for his services and expenses in the Black Tom Explosion case. If it were otherwise and we had discretionary jurisdiction in the matter we should hesitate to exercise it in view of the fact that the jurisdiction of the American Commissioner has been invoked and he has accepted it.

■ Before we finally approve and confirm the plan of adjustment filed in this case, Clause (3) of Section 725 of the Bankruptcy Act requires that we must find that the plan is fair and equitable as an adjustment and affords due recognition to the rights of each class of creditors and stockholders. In considering these questions it is obvious that the court will have to take into consideration so important an asset as the net amount to be recovered in the Black Tom Explosion case. If it should then appear that the Railroad Company in the proceeding before the American Commissioner for the fixing of fees, by its acquiescence in the claim of its counsel and its failure to present such evidence and argument as may be available to show that his claim is excessive, has prevented the American Commissioner from arriving at a just determination of the fee so that by reason of the allowance of an excessive fee the amount of the Railroad Company's recovery will be unduly reduced, it may well become the duty of this court to give consideration to the fairness and reasonableness of the fees in considering whether the plan of adjustment is to be approved as fair and equitable. The court realizes that the Railroad Company by reason of its voluntary agreement with its counsel may be somewhat reluctant to contest the amount of his fee. The Settlement of War Claims Act of 1928, however, clearly contemplates that Peaslee's fee is to be only what is reasonable, regardless of the agreement. We think it is the duty of the Railroad Company to its security holders to take full advantage of the provisions of the act. We will accordingly expect the Railroad Company to present to the American Commissioner all available relevant evidence and arguments in order that a proper determination may be made by him.

An order will be entered dismissing the petition of Greydon A. Rhodes and discharging the rule heretofore entered.