## In re LEHIGH VALLEY R. CO. et al.

### No. 21011.

District Court, E. D. Pennsylvania.

Sept. 30, 1941.

Cecil Page, of New York City, and Isadore Pepp, of Philadelphia, Pa., for Greydon A. Rhodes.

Harry E. Sprogell, of Philadelphia, Pa., E. H Burgess, of New York City, and Maurice Bower Saul and Saul, Ewing, Remick & Saul, all of Philadelphia, Pa., for Lehigh Valley R. Co.

Thomas Raeburn White and White & Staples, all of Philadelphia, Pa. for intervenor Amos J. Peaslee.

Archibald R. Graustein and Graustein & Kormendi, all of New York City, for intervenor Canadian Car & Foundry Co., Ltd., and Agency of Canadian Car & Foundry Co. Ltd.

Before MARIS, Circuit Judge, and WELSH and KALODNER, District Judges.

MARIS, Circuit Judge.

On August 7, 1940 this court entered a decree pursuant to Chapter XV of the Bankruptcy Act, 11 U.S.C.A. § 1200 et seq., approving and confirming a plan of debt adjustment submitted by the Lehigh Valley Railroad Company. D.C., 34 F.Supp. 753. Greydon A. Rhodes, a bondholder of the railroad company, has filed a petition for the amendment of that decree so as to require all persons claiming fees or any form of remuneration in payment for advances or loans, by assignment or otherwise, from the railroad company, its agents or attorneys, in connection with the prosecution of the claim of the railroad company against Germany in the Black Tom Explosion case, to submit their claims to this court for consideration and approval. The principal claimant is Amos J. Peaslee, the attorney who represented the railroad company in the Black Tom case. The other claimants are his assignees. Long before the present proceeding was begun and long before the award was made to the railroad company by the Mixed Claims Commission in the Black Tom case the company had entered into an agreement with Peaslee for the payment to him of 50% of the amount received to cover all the fees and expenses of himself and his associates. After the award was made to it the railroad company

98

submitted the question of the amount to be paid Peaslee to the American Commissioner of the Mixed Claims Commission and the American Commissioner, acting under the authority conferred upon him by Section 9(a) of the Settlement of War Claims Act of 1928, 45 Stat. 267, has fixed the amount at 50% of the sums received by the railroad company. The railroad company has joined in Rhodes' petition, which in effect would have this court review that determination. Peaslee has moved to dismiss the petition. Pending argument and determination of this motion the court entered an interlocutory restraining order on July 1, 1941, and modified it on July 30, 1941, in order to preserve the status quo to the extent deemed necessary to protect the rights of the parties.

After argument and full consideration we have reached the conclusion that Rhodes' petition must be dismissed for want of jurisdiction in this court to entertain it. It is clear, as we pointed out in dismissing a prior petition filed by Rhodes relating to the same subject, D.C., 34 F.Supp. 750, that the plan of adjustment filed and confirmed in this proceeding does not deal with the sums recovered by the railroad company in the Black Tom case nor with the compensation to be paid counsel in respect thereof, and that the amounts to be paid Peaslee in connection with the Black Tom case are not for services and expenses "incurred in connection with the proceeding and plan, or preliminary thereto or in aid thereof." But it is with the fairness and reasonableness of payments for such services and expenses alone that a special district court convened under Chapter XV of the Bankruptcy Act is empowered by the statute to deal. We accordingly held in dismissing Rhodes' first petition that "this court does not have jurisdiction to fix or approve the amount payable to Peaslee for his services and expenses in the Black Tom Explosion case." 34 F.Supp. 750, 752. To that ruling we adhere. It requires the dismissal of the present petition.

It is true that we then held that it might become necessary for us to consider the subject of Peaslee's fees in passing upon the question whether the proposed plan of debt adjustment was fair and equitable. In our opinion and decree filed August 7, 1940, however, it became necessary for us to consider and decide that question and we held the plan to be fair and equitable, prem-

ising our conclusion in part upon an estimate that after the payment of Peaslee's fees not more than $3,500,000 of the recovery in the Black Tom case might become available for the general purposes of the Railroad Company. D.C., 34 F.Supp. 753, 760. It now appears that substantially more than that sum has already been received by the Railroad Company over and above the amount claimed by Peaslee and that large additional payments are in prospect. The estimate upon which, in part, we predicated our approval of the Railroad Company's plan of debt adjustment has thus been surpassed by the event. Consequently any payments which may be made to Peaslee or his assignees under the award made by the American Commissioner cannot effect the execution of the plan or the rights of the parties under it. But it is to deal with those subjects only that this special district court is empowered by Section 746 of Chapter XV, 11 U.S.C.A. § 1246, to retain jurisdiction. In view of our conclusion that we are without jurisdiction to entertain the petition we need not consider the other matters urged at the argument.

An order will be entered dismissing the petition of Greydon A. Rhodes and vacating the restraining order entered by this court in this proceeding on July 1, 1941 and modified on July 30, 1941.